Jeremy E. Branch, CA Bar #303240
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
Telephone: (866) 329-9217 ext. 1009
Email: JeremyB@jlohman.com
*Attorney for Plaintiff, Vandana Ramrakha*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANDANA RAMRAKHA,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>    Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW COMES Plaintiff, VANDANA RAMRAKHA ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, QUIFAX INFORMATION SERVICES, LLC ("EXPERIAN" or "Defendant"), hereby alleges as follows:

**Nature of the Action**

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Consumer Credit Reporting Agencies Act, Cal Civ. Code § 1785.25 *et seq*. ("CCRAA")

**Jurisdiction and Venue**

2. This Court has jurisdiction under the 15 U.S.C. § 1681p of the FCRA and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction over the CCRAA pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Parties**

5. Plaintiff is a natural person at all relevant times residing in Hercules, California sitting in Contra Costa County.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

7. EQUIFAX is a business entity with its headquarters located in Atlanta, Georgia and conducting business in the State of California.

8. EQUIFAX is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

9. EQUIFAX is a "consumer reporting agency" ("CRA") as that term is

described by 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

10. At all relevant times to this Complaint, Defendant acted through their agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**Factual Allegations**

12. EQUIFAX has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter referred to as "inaccurate information").

13. The inaccurate information of which Plaintiff complains are accounts or trade-lines that reflect Plaintiff's history of credit for Target Credit Card Account with TD BANK, with an account number ending in 8898 (hereinafter referred to as the "Account").

14. On or about December 19, 2018, Plaintiff and TD BANK agreed to settle the Account in full for less than the full balance to be paid by December 19, 2018.

15. Plaintiff satisfied the terms of the aforementioned agreement by timely making the agreed payment.

16. Despite the foregoing, EQUIFAX reported inaccurate information concerning in the Account and, upon information and belief, disseminated credit reports containing said inaccuracies.

17. On or about September 1, 2020, Plaintiff sent a written letter sent to EQUIFAX disputing the inaccurate information being reported about the Account.

18. Plaintiff's written dispute explained that the Account had been settled and paid pursuant to the terms of his agreement with TD BANK, included a copy of the written agreement memorializing the settlement of the Account, and that the credit report failed to accurately reflect the true nature of the Account.

19. Notwithstanding Plaintiff's efforts, as of November 6, 2020, EQUIFAX continued to publish and disseminate inaccurate information concerning the Account on Plaintiff's credit report.

20. Specifically, EQUIFAX reported the current account status on November 6, 2020 as a charge off, which is inaccurate, misleading, and inconsistent with Plaintiff's agreement with TD Bank.

21. Pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of receiving Plaintiff's dispute of the Account, Defendant was required to send notification to SYNCHRONY.

22. On information and belief, Defendant failed to notify SYNCHRONY of Plaintiff's dispute.

23. Defendant did not notify Plaintiff that it was terminating its reinvestigation of Plaintiff's dispute. 15 U.S.C. § 1681i(a)(3).

24. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Accounts, TRANSUNION was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

25. The inaccurate or misleading information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

26. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA, have failed to remove the inaccurate or misleading information, and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

27. If Defendants would have complied with their statutory duties, the inaccurate or misleading information regarding the Account would not have been reported.

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages as the inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information being reported on the credit report, and a decreased credit score which may result in the inability to obtain credit or favorable terms on future attempts.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

30. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

   a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

31. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EQUIFAX is liable to Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II –EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

33. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EQUIFAX is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a)

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

34. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EQUIFAX is liable to Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### COUNT III - EQUIFAX
### Violation of the Consumer Credit Reporting Act CA CIV CODE § 1785.16

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

36. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

37. Defendant EQUIFAX violated CA CIV CODE §1785.16 by failing to promptly add, correct, or delete inaccurate information from the Plaintiff's file.

38. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

d) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681o(a)(1);

e) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681o(a)(2); and

f) Actual damages, to be proven at trial, including, but not limited to, court costs, loss of wages, attorney's fees and, when applicable, pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1);

g) Actual damages, to be proven at trial, and punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the Court deems proper, pursuant to Cal. Civ. Code § 1785.31(a)(2); and

h) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 14, 2021

By: */s/Jeremy E. Branch*
Jeremy E. Branch
*Attorneys for Plaintiff*
*VANDANA RAMRAKHA*